UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA SHELTON CLAYBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1010 TIA |
| ) | |
| OFFICE DENNIS STEUBING and ) | |
| OFFICER STEPHEN ASPINAUGH, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

This case stems from Plaintiff's arrest in January 2010 at the Chesterfield Mall. (Compl. ¶ 11, ECF No. 1) According to the Complaint, after purchasing food from andy W.O.W! in the food court, Plaintiff was accused of passing a counterfeit $100 bill to make the purchase. (Compl. ¶¶ 12, 22-23, ECF No. 1) Plaintiff protested the accusation and retrieved a receipt from the trash. (Compl. ¶¶ 24-25, 33-37, ECF No. 1) However, Plaintiff was arrested and taken to the Chesterfield police station. (Compl. ¶¶ 43-45, 55)

On June 2, 2010, Plaintiff filed a Complaint in federal court, claiming that Defendant police officers violated her civil rights, under 42 U.S.C. § 1983 because they continued to detain her and arrested her without probable cause. (Compl. ¶¶ 62-72, ECF No. 1) Defendants filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on July 7, 2010. (Mot. to Dismiss, ECF No. 6) The undersigned stayed the case after Plaintiff was indicted in St. Louis County,

Missouri. (Pl.'s Mot. for Stay Pending Outcome of Criminal Case 1, ECF No. 9; Docket Text Order of 9/7/10, ECF No. 12)

On September 13, 2011, Plaintiff informed the Court that a jury in the Circuit Court of St. Louis County found Plaintiff not guilty. (Pl.'s Mot. to Lift Stay, ECF No. 16) Plaintiff requested that the Court lift the stay and allow the case to proceed. Id. After the stay was lifted, Defendants notified the Court that they wished to pursue the pending motion to dismiss. (Defs.' Compliance With Ct. Order, ECF No. 23)

## **Standard for Ruling on a Motion to Dismiss**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)

2

(explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

## Discussion

Upon review of the Defendants' Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not appropriate at this time. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. The Court may not look outside the pleadings when entertaining a motion to dismiss. Here, Plaintiff states a claim for which relief can be granted based on the face of the Petition.

Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

Further, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons

3

. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[A] person has a right under the Fourth Amendment not to be arrested unless there was probable cause for [her] arrest." Livers v. Schenk, No. 8:08CV107, 2011 WL 1197464 at *6 (D. Neb. March 28, 2011) (citing Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996)). Further, an officer may stop someone in order to investigate a crime, but only upon reasonable suspicion and only for so long as necessary to conduct a reasonable investigation. Eubanks v. Lawson, 122 F.3d 639, 641 (8th Cir. 1997) (citations omitted).

Plaintiff alleges numerous facts in her Complaint and contends that, based on these facts, the Defendant officers held Plaintiff for an unreasonable amount of time and manner and did not have probable cause to believe that Plaintiff had committed the crime of passing a counterfeit bill. Thus, Plaintiff contends that the Defendant officers violated her rights protected by the Fourth Amendment. In their Motion to Dismiss, Defendants argue the merits of Plaintiff's claim and assert that the officers had probable cause to detain and arrest Plaintiff. However, the undersigned finds that Plaintiff has pled enough facts to state a claim that is plausible on its face and raises a reasonable expectation that discovery will reveal evidence of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007).

Under Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366).

In this case, Defendants argue facts that are not contained in the pleadings, such as the credibility of the witness identification and the officers' subjective belief that they had probable cause.[1] While the undersigned could convert the motion to dismiss to a motion to summary judgment, such conversion would be premature at this time. The parties are currently conducting discovery, and motions for summary judgment are not due for several months. The Defendant is free to refile its Motion to Dismiss as one for summary judgment at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. #6] is **DENIED.**


    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   26th   day of March, 2012.

---

[1] Of significance is the fact that the Eighth Circuit cases upon which Defendants rely in support of their motion to dismiss are appeals from district court rulings on motions for summary judgment, not motions to dismiss for failure to state a claim.